John P. O'NEIL, Plaintiff–Appellant,

v.

FIREMAN'S FUND INSURANCE COMPANY; Fireman's Fund American Retirement Plan; Fireman's Fund Long–Term Disability Plan; Employee Benefit Administration Committee, Defendants–Appellees.

No. 05–16381.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 11, 2007.

Filed July 25, 2007.

Ian M. Sammis, Esq., San Rafael, CA, Julian M. Baum, Esq., Baum & Weems, Novato, CA, for Plaintiff–Appellant.

Peter R. Soares, Sonnenschein Nath & Rosenthal, LLP, San Francisco, CA, for Defendants–Appellees.

Before: HUG, RYMER, and FISHER, *Circuit Judges.*

MEMORANDUM *

Appellee Fireman's Fund Insurance Company ("FFIC") last employed Appellant John O'Neil on January 27, 1984.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Seventeen years later, on May 7, 2001, O'Neil filed a claim with FFIC applying for long-term disability benefits under its 1979 Long Term Disability Plan ("Plan"). The Employee Benefits Administration Committee ("EBAC"), the administrator responsible for awarding benefits, denied O'Neil's request on February 8, 2002. After EBAC denied O'Neil's request for reconsideration on June 21, 2004, O'Neil timely filed for civil enforcement under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1), in United States District Court for the Northern District of California. The district court upheld EBAC's denial and O'Neil appeals. We now affirm.

The district court properly applied an abuse of discretion standard of review to O'Neil's case because the Plan's language conferred discretionary authority on EBAC "[t]o interpret the provisions of the Plan ... including the right to remedy possible ambiguities, inconsistencies or omissions ..." and "[t]o determine the manner in which benefits shall be paid under the Plan, if discretionary, and the persons who are entitled thereto...." *See Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963–64 (9th Cir.2006) (en banc) (holding that plan administrator wording granting the power to interpret plan terms and to make final benefits determination warrants abuse of discretion review).

We conclude that EBAC did abuse its discretion in finding that California's notice-prejudice rule barred O'Neil's claim. *See UNUM Life Ins. Co. of Am. v. Ward*, 526 U.S. 358, 363, 366–67, 119 S.Ct. 1380, 143 L.Ed.2d 462 (1999) (explaining the notice-prejudice rule's applicability to ERISA claims). The Plan did not unambiguously state when a claimant must submit his claim because there was no provision within the actual Plan identifying when a claim must be presented. Therefore, O'Neil's request for benefits should not have been barred on that ground.

However, EBAC did not abuse its discretion in finding that O'Neil was not "totally disabled" on January 27, 1984, his last day of employment, because there was no documented change in circumstances after O'Neil's treating physician cleared O'Neil for work on December 5, 1983. We hold that EBAC did not abuse its discretion in denying O'Neil's request for benefits under the Plan.

**AFFIRMED.**